# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOS MAVROGIORGOS, individually, and on behalf of the general public similarly situated,<br><br>                    Plaintiff,<br>vs.<br><br>RITE AID CORPORATION, a Delaware corporation; RITE AID HDQTRS. CORP., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendant. | CASE NO. 05CV923-H (CAB)<br><br>**ORDER:**<br><br>**(1) CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT;**<br><br>**(2) APPROVING CLASS SETTLEMENT INCLUDING ATTORNEY FEES AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND**<br><br>**(3) TERMINATING CASE** |

On April 29, 2005, this matter was removed from state court. (Doc. No. 1.) Plaintiff Demetrios Mavrogiorgos ("Plaintiff") brought this action against Defendants Rite Aid Corp. and Rite Aid Headquarters Corp. (collectively "Defendants") alleging claims for violation of the Fair Labor Standards Act ("FLSA") and state law. (Doc. No. 1.) On March 13, 2006, pursuant to a stipulation of the parties, the Court dismissed Plaintiff's first, second and fourth causes of action with prejudice, leaving only Plaintiff's third cause of action based on Defendants' violation of California Labor Code section 226(a)(9). (Doc. No. 28.) On May 22, 2006, the parties submitted a joint

1  motion for certification of the class for settlement and preliminary approval of the
2  settlement. (Doc. No. 53.) On June 20, 2006, the Court issued an order provisionally
3  certifying the class and preliminarily approving the settlement. (Doc. No. 58.) On
4  September 1, 2006, the parties filed a joint motion for final approval of the class
5  settlement and Plaintiffs separately filed a motion for approval of the attorneys' fees
6  and the class representative enhancement award. (Doc. No.'s 59-60.) The Court held
7  a final approval hearing on September 18, 2006. Mark Primo appeared telephonically
8  for Plaintiffs and Jeffrey Wohl appeared for Defendants. For the following reasons, the
9  Court APPROVES the class settlement and APPROVES Plaintiffs' request for attorney
10 and class representative enhancement fees.

**Background**

12 Plaintiff, an assistant in the photo department of Defendant Rite Aid Corp., and
13 an hourly employee, filed a complaint against Defendants in San Diego Superior Court
14 Case No. GIC84209 (Mavrogiorgos v. Rite Aid Corp., et al.) alleging six state law
15 causes of action. (Compl., ¶¶ 25-66.) Plaintiff brought the action on behalf of himself
16 and all former and current hourly employees who had worked for Defendants from
17 February 2004 to April 2006. (First Amended Compl. ("FAC"), ¶¶ 3-4.) Defendants
18 removed the action pursuant to § 301 of the Labor Management Relations Act
19 ("LMRA"). (Doc. No. 1.) The LMRA provides for original jurisdiction in federal
20 district court for claims brought for violation of a contract between an employer and a
21 labor organization representing employees in an industry affecting commerce.

22 After removal, Plaintiff amended the complaint to state four causes of action for:
23 (1) violation of 29 U.S.C. § 201; (2) violation of California Labor Code §§ 201 and 202;
24 (3) violation of California Labor Code § 226(a); and violation of California Business
25 and Professions Code § 17200, *et seq.* (FAC, ¶¶ 32-56.) Subsequently, the parties
26 stipulated to the dismissal of Plaintiff's first, second, and fourth causes of action,
27 leaving only the claim for violation of California Labor Code § 226(a). (Doc. No. 28.)
28 That claim alleges that Defendants failed to provide their employees with "accurate,

itemized pay stubs as required by California Labor Code § 226(a)(9)." (FAC, ¶¶ 49-52.) Specifically, Plaintiff alleges that Defendants failed to list the employees' hourly rate of pay. (Id.)

Defendants assert that the wage statements conformed with the terms of their employees' collective bargaining agreements. Defendants further contend that Plaintiff's claims are preempted by § 301 of the LMRA, do not violate California Labor Code § 226(a)(9), and that any alleged violations were not "knowing and intentional," which precludes liability under California Labor Code § 226(e), and in any event, did not damage Plaintiff or the proposed class.

The parties entered into a settlement agreement on April 9, 2006, which the Court preliminarily approved on June 20, 2006 after a hearing with appearances by both parties. (Doc. No. 58.) The settlement terms, set forth in the written settlement agreement, provide: (1) that Defendants will issue wage statements, beginning with the pay period of April 19, 2006 to April 29, 2006, in conformity with California Labor Code § 226(a)(9); (2) will pay Plaintiff, as class representative, $10,000; (3) will issue six settlement coupons to each participating class member redeemable at California Rite Aid stores and good for 15% off of the purchase price of any item sold in the store; (4) will pay class counsel $350,000 for their fees and expenses; and (5) Defendants will pay the reasonable costs of settlement administration. (Primo Preliminary Approval Decl., Ex. A.)

The parties move for final approval of the settlement, including approval of attorneys' fees and the class representative enhancement fee.

**Discussion**

**A.    The Settlement Agreement**

Whether to approve or reject a proposed settlement is committed to the district court's sound discretion. In Re Mego Financial Corp. Securities Litigation v. Nadler, 213 F.3d 454. 458 (9th Cir. 2000). Fed. R. Civ. P. 23(e) mandates that the district court determine whether the proposed settlement is "fundamentally fair,

adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). The court must assess the settlement proposal, balancing factors including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel . . . and the reaction of class members to the settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (citing Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993)). This is not an exhaustive list, but factors the court may consider. Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). A higher standard of fairness applies where the court approves the settlement prior to formal class certification. Hanlon, 150 F.3d at 1026. However, the court should limit the extent of its intrusion into the privately negotiated settlement to determining whether the agreement was reached by fraud or other impropriety and whether the settlement, in its totality, is fundamentally fair. Id. (citing Officers for Justice, 688 F.2d at 625). The fact that the settlement could have been better does not, on its own, require that the court reject the settlement. Id. With these standards in mind, the Court turns to the proposed settlement.

### 1. The Strength of Plaintiffs' Case and the Risk, Expense and Complexity of Trial

The only claim presented by Plaintiffs which remains in the case for settlement is the claim for violation of California Labor Code § 226(a)(9). The parties dispute whether Defendants violated that provision by not including all applicable hourly rates in effect during the pay periods at issue. Plaintiffs admit that the wage statements accurately reflected the employees' regular rate of pay and for each category of hours worked, the total number of hours worked and the total amount of wages paid. From that information the employees could have ascertained the hourly rate of pay. Defendants assert that the wage statements issued did not violate California Labor Code § 226(a)(9). Defendants contend that § 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-187, preempts a cause of action under California Labor Code § 226(a)(9), and even if preemption does not apply, the wage statements did not violate the statute and/or Plaintiffs suffered no injuries as a result of the alleged violation. Alternatively, Defendants assert that any alleged injury was not a result of knowing and intentional conduct, which Defendants contend, is required for a violation of California Labor Code § 226(a)(9).

In light of the evidence in the record, the parties arguments and the law, it appears that Plaintiffs would have borne a significant risk of an unfavorable result had the matter proceeded to trial. Plaintiffs had only one surviving claim for which Defendants asserted numerous defenses. Furthermore, litigating a class action case against a large company with significant resources would be expensive and time consuming. Employment actions, especially those regarding wage and hours disputes, can be extensive. Accordingly, the Court concludes that the strength of Plaintiff's case, and the risk, complexity and expense of trial favor settlement in these circumstances. See Hanlon, 150 F.3d at 1026.

### 2.    **The Amount Offered in Settlement**

According to the terms of the proposed settlement, Defendants began issuing wage statements in conformity with California Labor Code § 226(a)(9). Defendants will also issue six settlement coupons to each participant in the settlement class, redeemable at California Rite Aid stores and good for 15% off of the purchase price of any item sold in the store. The total aggregate value of the coupon settlement is estimated at approximately $1,750,000. In light of the uncertainties of trial and the nature of the claims, the Court concludes that the settlement amount is fair and reasonable.[1] See Hanlon, 150 F.3d at 1026.

---

[1] The Court notes that the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4., which imposes additional requirements for determining the fairness of a class action settlement, including special provisions for redeemable coupon settlements, took effect after the initiation of this lawsuit, and Congress did not provide

### 3. The Extent of Discovery Completed and Stage of the Proceedings

While the parties had not completed formal discovery by the time they reached a tentative settlement, the parties had spent significant time preparing for the case, and both parties had filed motions for summary judgment. The completion of formal discovery is not a prerequisite to a fair settlement, so long as the parties had "sufficient information to make an informed decision about settlement." Mego Financial, 213 F.3d at 459. The record demonstrates that both parties had sufficient information to enter into informed agreement. See Hanlon, 150 F.3d at 1026.

### 4. The Experience and Views of Counsel

The parties assert that Counsel for both sides are competent and experienced in class action litigation. The endorsement of experienced and competent counsel is entitled to deference. See e.g. Officers for Justice, 688 F.2d at 625. Plaintiff's counsel, Mark Primo, Shawn Westrick, and Mark Yablonobich of Initiative Legal Group, LLP, have extensive class action litigation experience. (Primo Preliminary Approval Decl., ¶ 13.) Defense counsel, the law firm of Paul, Hastings, Janofsky & Walker LLP, is a large national firm which has handled various class action cases across the country. All counsel involved assert that the settlement is fair, reasonable, adequate and in the best interests of the class as a whole. (Id., ¶ 14.) Thus, the experience and views of counsel favors settlement. See Hanlon, 150 F.3d at 1026.

### 5. The Reaction of Class Members

After the Court granted preliminary approval of the settlement, the appointed Settlement Administrator, CPT Group, Inc. ("CPT"), distributed the proposed notice by first class mail, together with opt out forms and a copy of the settlement agreement, on July 13, 2006 to the 32,082 class members. (Hoffman Decl., ¶ 4.) Between July 13, 2006 and August 31, 2006, 2,369 notice packets were returned to CPT by the United States Postal Service. (Id., ¶ 6.) CPT obtained additional

---

for retroactive effect. See Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2628 (2005); see also Bush v. Cheaptickets, Inc., 425 F.3d 683, 687 (9th Cir. 2005).

1  information regarding the mailing addresses, and re-mailed 1,454 notice packets
2  during the period from July 13, 2006 to August 3, 2006, 704 of which were returned
3  undeliverable.  (Id., ¶ 6.)  Only 1,619 notice packets, of a total of 32,082 were
4  returned, representing only five-percent of the total class.  (Id., ¶ 7.)

CPT also provided a toll-free telephone service to assist class members who had questions regarding the settlement.  (Id., ¶ 8.)  CPT received only 139 calls from July 13, 2006 through August 31, 2006.

CPT received zero objections by the designated August 3, 2006 deadline for opposing the settlement.  (Id., ¶ 11.)  Only 199 individuals chose to opt out by submitting valid elections not to participate.  (Id., ¶¶ 9, 10.)  This represents only .62% of the class.  Therefore, the Court concludes that the reaction of the class members to the settlement favors final approval.  See Hanlon, 150 F.3d at 1026.

### B.  Attorneys' Fees

The settlement agreement reached by the parties provides that Defendants will pay, in addition to the value of the coupon settlement, $350,000 for lead counsels' fees.  "Federal courts have the ability to award attorneys' fees 'in the exercise of their equitable powers.'"  Wininger v. SI Management L.P., 301 F.3d 1115, 1120 (9th Cir. 2002).  The common fund doctrine permits the burden of litigating to be shared among the individuals that are benefitted by the efforts of the litigant.  Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989).  "'Jurisdiction over the fund involved in the litigation allows a court to ... assess[ ] attorney's fees against the entire fund, thus spreading fees proportionately among those benefitted by the suit.'"  Wininger, 301. F.3d at 1120 (quoting Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980)).   In this case, counsel have conferred value upon the individual class members in the form of six coupons worth 15% off merchandise in California Rite Aid stores.  Counsel expended significant time and effort in obtaining this settlement.  Furthermore, $350,000 represents only 20% of the total estimated $1,750,000 value of the coupon settlement.  Accordingly, the

Court concludes that the requested attorneys' fees are fair and reasonable.

**C.   Class Representative Enhancement**

The settlement requires Defendant to pay Plaintiff a class representative enhancement award of $10,000. Court's assess incentive awards based on the following criteria: (1) the risk assumed by the class representative; (2) the difficulties incurred to the plaintiff personally; (3) time and energy spent; (4) the length of the litigation; and (5) the benefit to the plaintiff as class representative. See Van Vranken v. Atlantic Richfield Co., 901 F.Supp. 294, 299 (N.D.Cal. 1995). In light of the standards and the time Plaintiff spent preparing the case with his counsel and the risks and costs assumed, the Court concludes that the class representative enhancement award of $10,000 is fair and reasonable.

## Conclusion

For the reasons set forth above, the Court:

1. **CERTIFIES** as class members for the purposes of settlement each current and former hourly Rite Aid employee, including each hourly employee of Thrifty Pay Less, Inc., who is or was employed in the State of California at any time during the period from February 15, 2004 to April 15, 2006.

2. **APPROVES** the parties' settlement agreement which requires Defendants to issue wage statements in conformity with California Labor Code § 226(a), beginning in April 2006, and to provide each class member with six coupons worth 15% off of merchandise in Defendants' California stores, valued at approximately $1,750,000.

3. **APPROVES** attorneys' fees for Plaintiff's counsel in the amount of $350,000 to be paid in addition to the coupon settlement.

/ / / /

/ / / /

4. **APPROVES** the class representative enhancement award for Plaintiff

1 | in the amount of $10,000 to be paid in addition to the coupon
2 | settlement.
3 | Defendants shall bear the costs of settlement administration.  Additionally, the Court
4 | ORDERS the clerk to close this case.
5 |     IT IS SO ORDERED.
6 | DATED:  September 19, 2006

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

**COPIES TO:**
Mark Primo
Initiative Legal Group
1875 Century Park East, Suite 1800
Los Angeles, CA 90067

Jeffrey D. Wohl
Paul Hasting Janofsky and Walker LLP
55 Second Street, Suite 2400
San Francisco, CA 94105-3441